UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SALAHUDDIN F. SMART, | : | |
| Plaintiff, | : | Civ. No. 13-4339 (RBK) (KMW) |
| v. | : | |
| DIVISION OF CHILD PROTECTION AND PERMANENCY, et al., | : | **MEMORANDUM AND ORDER** |
| Defendants. | : | |

Plaintiff is proceeding *pro se* with an amended civil rights complaint. The amended complaint names the following as defendants in this action: (1) Division of Child Protection and Permanency ("DCP&P"); (2) John/Jane Doe – DCP&P Supervisor; (3) Alexandro Urbina – Division Worker; (4) Borough of Magnolia; (5) John Doe – Magnolia Police Officer; (6) Robert Doyle – Chief of Police; (7) Lisa von Pier – DCP&P Director; (8) Allison Blake – DCP&P Commissioner; and (9) Suzanne Alvino – Chief of Staff for the DCP&P. The amended complaint arises from plaintiff's allegations that the defendants violated his Fourth Amendment rights when they conducted an unlawful warrantless search of his room. Plaintiff also raises failure to train claims against the defendants.

This Court has concluded that the amended complaint shall be permitted to proceed past screening pursuant to 28 U.S.C. § 1915(e)(2)(B). With respect to plaintiff's failure to train claims against the defendants, this Court notes that plaintiff does not allege a pattern of violations that is typically necessary to allege a failure to train claim. *See Kline ex rel. Arndt v. Mansfield,* 255 F. App'x 624, 629 (3d Cir. 2007) (citing *Berg v. Cnty. of Allegheny,* 219 F.3d 261, 276 (3d Cir. 2000) (per curiam) (citing *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown,* 520 U.S. 397, 408–09, 117 S. Ct. 1382, 137 L.Ed.2d 626 (1997))). However:

> in a narrow range of circumstances, a violation of federal rights may be a highly predicable consequence of a failure to equip law enforcement officers with specific tools to handle recurrent situations. The likelihood that the situation will recur and the predictability that an officer lacking specific tools to handle that situation will violate citizens' rights could justify a finding that policymakers' decision not to train the officer reflected "deliberate indifference" to the obvious consequence of the policymakers' choice-namely, a violation of a specific constitutional or statutory right.

*Bryan Cnty.,* 520 U.S. at 409. It is on that basis at this early stage of the proceedings that plaintiff's failure to train claims shall be permitted to proceed.

Accordingly, IT IS this  29th  day of August, 2016,

ORDERED that the Clerk shall file the amended complaint (Dkt. No. 19-1); and it is further

ORDERED that the Clerk shall replace the defendants named in the caption in this action so that the defendants remaining in this action are as follows since they are who are named in the amended complaint:  (1) Division of Child Protection and Permanency ("DCP&P"); (2) John/Jane Doe – DCP&P Supervisor; (3) Alexandro Urbina – Division Worker; (4) Borough of Magnolia; (5) John Doe – Magnolia Police Officer; (6) Robert Doyle – Chief of Police; (7) Lisa von Pier – DCP&P Director; (8) Allison Blake – DCP&P Commissioner; and (9) Suzanne Alvino – Chief of Staff for the DCP&P; and it is further

ORDERED that the amended complaint shall be permitted to proceed past screening in its entirety; and it is further

ORDERED that the Clerk shall mail to plaintiff a transmittal letter explaining the procedure for completing a Unites States Marshal ("Marshal") 285 Forms ("USM-285 Form"); and it is further

ORDERED that once the Marshal receives the USM-285 Forms from plaintiff and the Marshal so alerts the Clerk, the Clerk shall issue summons in connection with each USM-285 Form that has been submitted by plaintiff, and the Marshal shall serve summons, the amended complaint and this Order to the address specified on each USM-285 Form, with all costs of service advanced by the United States[1]; and it is further

ORDERED that defendants shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

ORDERED that pursuant to 28 U.S.C. § 1915(e)(1) and 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; and it is further

ORDERED that if at any time prior to the filing of a notice of appearance by defendants, plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to FED. R. CIV. P. 5(a) and (d), plaintiff shall (1) serve a copy of the application by regular mail upon each party at his last known address and (2) file a Certificate of Service[2]; and it is further

ORDERED that the Clerk of the Court shall send a copy of this Order to plaintiff by regular U.S. mail.

s/Robert B. Kugler  
ROBERT B. KUGLER  
United States District Judge

---

[1] Alternatively, the U.S. Marshal may notify defendants that an action has been commenced and request that the defendant waive personal service of a summons in accordance with FED. R. CIV. P. 4(d).

[2] After an attorney files a notice of appearance on behalf of a defendant, the attorney will automatically be electronically served all documents that are filed in the case.