UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SALAHUDDIN F. SMART,

      Plaintiff,

v.

ALEXANDRO URBINA, et al.,

      Defendants.

Civ. No. 13-4339 (RBK) (KMW)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

Plaintiff Salahuddin F. Smart is proceeding *pro se* with an amended civil rights complaint. Currently pending before this Court is Defendant Borough of Magnolia's ("Borough") motion to dismiss the amended complaint pursuant to Rule 12(b)(5)-(6).[1] For the following reasons, the motion to dismiss is granted as to Robert Doyle. The motion is denied as to the John Doe Borough police officer and the Borough.

---

[1] The Borough's motion alternatively requested summary judgment. "Rule 12 does not authorize a motion for summary judgment or a motion to dismiss and for summary judgment, as made in this case, to be filed in lieu of an answer." *Visintine v. Zickefoose*, No. 11-4678, 2012 WL 6691783, at *2 (D.N.J. Dec. 21, 2012). In an action where the plaintiff is a pro se prisoner, as Mr. Smart was at the time he filed the complaint, a district court may not convert a motion to dismiss into a summary judgment motion without notice to the plaintiff consisting of at a minimum "a paper copy of the conversion Order, as well as a copy of Rule 56 and a short summary explaining its import that highlights the utility of a Rule 56(f) affidavit." *Renchenski v. Williams*, 622 F.3d 315, 340 (3d Cir. 2010). "In this case, without having filed an answer, a hybrid motion like the one filed here, does not comply with the above described requirements of Rules 12 and 56 or satisfy the *Renchenski* court's directive to provide clear notice to pro se prisoners regarding what they must do to avoid losing a summary judgment motion. It follows from *Renchenski* and Rule 12 that a defendant should avoid filing a hybrid motion to dismiss and/or for summary judgment of the sort filed here, which creates unnecessary confusion for a pro se litigant." *Visintine*, 2012 WL 6691783, at *3. The Court declines to convert the motion into a summary judgment motion and will only consider the complaint in connection with defendants' Rule 12(b)(6) motion.

## II. BACKGROUND

The Court recites the facts in the light most favorable to plaintiff. On September 29, 2011, Alexandro Urbina, a case worker at New Jersey's Division of Child Protection and Permanency ("DCP&P"), formerly the Division of Youth and Family Services, called the Borough of Magnolia Police Department and reported Mr. Smart had committed an act of child abuse or endangerment. As a result, Borough police officers entered the home in which Mr. Smart was staying without a warrant or Mr. Smart's consent and proceeded to search the house. "After the warrantless home entry on September 29, 2011 the division worker Mr. Urbina reported that plaintiff exposed his genitals to a minor child." No criminal charges were brought against Mr. Smart as a result of these allegations, but Mr. Smart was ordered by a family court judge to have no contact with the minor child.

Mr. Smart filed a civil rights complaint on July 15, 2013 asserting violations of his Fourth Amendment rights. The Court originally administratively terminated the complaint because Mr. Smart did not use the proper *in forma pauperis* application form. Mr. Smart requested to reopen the case on January 17, 2014, but the Court denied his application because he still had not completed the proper prisoner *in forma pauperis* application. Mr. Smart submitted a new application and requested to file an "all inclusive" amended complaint. The Court granted the *in forma pauperis* application filed the original complaint. Mr. Smart submitted the amended complaint on December 2, 2015, and the Court permitted the amended complaint to proceed on August 30, 2016. The Borough has filed a motion to dismiss the amended complaint for failure to serve former Magnolia Police Chief Robert Doyle pursuant to Federal Rule of Civil Procedure 12(b)(5), and for failure state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Mr. Smart did not file a response in opposition to the motion.

## III. LEGAL STANDARD

When considering a motion to dismiss a complaint for failure to state a claim, Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the non-moving party. A motion to dismiss may be granted only if the plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests that make such a claim plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Although Rule 8 does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

In reviewing the sufficiency of a complaint, the Court must "tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (alterations in original) (internal citations and quotation marks omitted).

Federal Rules of Civil Procedure 12(b)(5) permits a motion to dismiss for "insufficiency of service of process." "The party responsible for effecting service has the burden of demonstrating that service was proper." *Sharp v. Kean Univ.*, 153 F. Supp. 3d 669, 677 n.5 (D.N.J. 2015) (citing *Grand Entm't Group v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993)).

## IV. DISCUSSION

*i.     Failure to Serve*

The Borough argues the amended complaint must be dismissed as to Mr. Doyle because Mr. Smart has failed to properly serve the amended complaint. A review of the docket indicates summons were returned unexecuted as to Mr. Doyle on January 31, 2017. Nothing on the docket indicates Mr. Doyle has since been served with the amended complaint, and Mr. Smart has not moved for an extension of time to serve Mr. Doyle with the amended complaint. The amended complaint is therefore dismissed without prejudice as to Mr. Doyle. Fed. R. Civ. P. 12(b)(5). Mr. Smart may move for an extension of time to serve Mr. Doyle if he can make a showing of good cause for failure to timely serve. Fed. R. Civ. P. 4(m).

*ii.    Failure to State a Claim*

The Borough argues Mr. Smart has not sufficiently pled its liability for any violation of the Fourth Amendment. "A municipality or other local government may be liable under [§ 1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citing *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 692 (1978)). "Where the policy concerns a failure to train or supervise municipal employees, liability under section 1983 requires a showing that the failure amounts to deliberate indifference to the rights of persons with whom those employees will come into contact." *Thomas v. Cumberland Cty.*, 749 F.3d 217, 222 (3d Cir. 2014) (internal quotation marks omitted).

"A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train. . . . Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be

said to have deliberately chosen a training program that will cause violations of constitutional rights." *Connick*, 563 U.S. at 62. *See also Mann v. Palmerton Area Sch. Dist.*, No. 16-2821, 2017 WL 4172055, at *7 (3d Cir. Sept. 21, 2017) (precedential), *as amended* (Sept. 22, 2017). Mr. Smart does not allege there have been prior incidents in which allegedly untrained Borough police officers have violated the Fourth Amendment in similar situations. Municipal liability may attach even in the absence of a pattern of violations, however, "where a violation of federal rights is a 'highly predictable consequence' of an inadequate municipal policy or custom in a situation that is likely to recur . . . ." *Mattern v. City of Sea Isle*, 131 F. Supp. 3d 305, 318 (D.N.J. 2015), *aff'd*, 657 F. App'x 134 (3d Cir. 2016) (citing *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 409–10 (1997)). *See also Connick*, 373 U.S. at 63-64; *Thomas*, 749 F.3d at 224.

Mr. Smart alleges the Borough failed to train its officers how to respond to a residence after a DCP&P employee makes a report. For purposes of the motion to dismiss only, it is reasonable to say that it is obvious that police officers responding to someone's home after a report of a possible sex act against a minor must be well-versed in the Fourth Amendment's requirements and that violations of the Fourth Amendment are the highly predictable consequences of failing to train officers in those requirements. Mr. Smart has sufficiently stated a claim against the Borough, and the motion to dismiss is denied.

### *iii. Statute of Limitations*

The Borough finally argues the amended complaint should be dismissed as to the John Doe Borough police officer because he was not served within the two-year statute of limitations.

The motion to dismiss is denied on this ground. It is not clear from the face of the amended complaint that Mr. Smart's claims against the John Doe officer are time-barred; further

development of the record is necessary. *See Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 111 (3d Cir. 2013) (per curiam). Dismissal of the John Doe officer would therefore be inappropriate at this time; however, nothing in this opinion should be construed as barring a future motion to dismiss on the basis of the statute of limitations in the event the officer is later identified and served.

## V. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is granted as to Mr. Doyle and denied as to the John Doe officer and the Borough. An appropriate order will be entered.


DATED: October 19, 2017                  s/Robert B. Kugler
                                                                                            ROBERT B. KUGLER
                                                                                          United States District Judge